# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 25-385 |
| **EMILY F. CUSTODIO** | : | |

### UNITED STATES' UNOPPOSED MOTION FOR
### A DISCOVERY PROTECTIVE ORDER

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Nancy E. Potts, Assistant United States Attorney, hereby respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), providing that the defense may use materials produced in discovery only for preparation for trial in this case and at trial and any sentencing hearing in this matter, and may not disclose the information to third parties except as required to prepare for trial in this case or for use at trial and any sentencing hearing in this matter. In support of its unopposed motion, the government states as follows:

1. On September 2, 2025, a grand jury sitting in the Eastern District of Pennsylvania returned a two-count indictment charging defendant Emily F. Custodio with one count of voter fraud, in violation of Title 52, United States Code, Section 20511(2)(B), and one count of voting by an alien, in violation of Title 18, United States Code, Section 611. The indictment alleges, in summary, that on or about July 18, 2020, the defendant applied online to register to vote in Pennsylvania, and when she did so, she falsely represented that she was a United States citizen, when she knew that she was not. A few days later on July 21, 2020, based in part on the defendant's false representation that she was a United States citizen, her voter application

was accepted, and she successfully registered to vote in Pennsylvania. On or about November 3, 2020, defendant Custodio appeared in person at her assigned polling place in Philadelphia and cast a ballot in the 2020 general election, which included the election for the offices of President and Vice President of the United States.

2. Trial is listed for November 18, 2025.

3. The discovery materials in this case, which are not voluminous, include the defendant's voter records from the Commonwealth of Pennsylvania. The voter records reveal information about what information is stored by Pennsylvania election officials and how it is stored in the registration database.

4. The United States has a unitary voter registration system, where one voter registration makes one eligible to vote in federal, state, and local elections. While federal law sets forth certain voter registration requirements with respect to elections for federal office, the states operate and administer the registration process. Since 2003, Pennsylvania has used the Statewide Uniform Registry of Electors ("SURE") system for its statewide voter registration database. *See* "Shapiro Administration Begins Process of Implementing Modern, Streamlined Elections Management System to Keep Pennsylvania Elections Safe and Secure, Joining Bipartisan Group of States," Mar. 5, 2025, https://www.pa.gov/agencies/dos/newsroom/shapiro-administration-begins-implementing-modern-elections-mana. A lawyer for Pennsylvania's Department of State has informed the undersigned that Pennsylvania considers the SURE system critical infrastructure, places the highest priority on its accuracy, security, and integrity, and has a significant interest in preventing unnecessary distribution of SURE system records in order to keep it secure.

5. With this protective order, the government does not seek to place any limits on the defendant's ability to use discovery materials in preparing her defense. The concern that the

government seeks to address with this discovery protective order is that wider dissemination of the discovery material, especially the SURE system voting records, might cause the records to fall into the wrong hands and be used to threaten the security of Pennsylvania's voter registration system.

6. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides in pertinent part: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

*Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, 1994 WL 161243, *3-5 (E.D. Pa. Apr. 15, 1994) (not published) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure); *United States v. Smith*, 602 F. Supp. 388, 397-98 (M.D. Pa. 1985) (rejecting press request to unseal bill of particulars containing the names of unindicted coconspirators and stating: "no First Amendment right of access to inspect and copy judicial records and documents that contain information which was produced in pre-trial discovery proceedings").

7. The materials at issue here are discovery materials which are provided to defense counsel solely to aid her preparation for trial and sentencing. They are not yet part of any official court record. If some of the materials are later used in connection with the official court proceedings in this matter, for example as trial exhibits, the issue of whether they will be sealed or made public will need to be revisited at that time.

8. The government has consulted with Elizabeth Toplin, Esq., counsel for defendant Custodio, and she has advised that she does not object to the entry of the government's

proposed protective order.

Wherefore, based on the foregoing, the government respectfully requests that the Court enter a protective order pursuant to Rule 16(d)(1) in the form of the proposed order attached to this motion.

>                       Respectfully submitted,
>
>                       DAVID METCALF
>                       United States Attorney
>
>                       *s/ Nancy E. Potts*
>                       NANCY E. POTTS
>                       Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-385 |
| EMILY F. CUSTODIO | : | |

**O R D E R**

AND NOW, upon consideration of the Government's Unopposed Motion for a Discovery Protective Order, it is hereby

O R D E R E D

that the motion is GRANTED. The Court finds that good cause exists to enter the protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. The Court has considered the "specific examples" of harm and "articulated reasoning" as set forth by the government in its motion. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). The Court has also considered the public interest in the discovery materials and concludes that, at this stage, no common law right of access has attached to the records. *See id.* at 208-11. On balance, the public's interest in the discovery materials is outweighed by the "clearly defined" and potentially "serious injur[ies]" that would result from disclosure. *See* Fed. R. Crim. P. 16(d)(1); *Wecht*, 484 F.3d at 212.

IT IS FURTHER ORDERED that the defendant, defense counsel, defense investigators, defense experts, and all other such persons assisting defense counsel in preparation of this case for trial and sentencing, may make such use of the discovery materials only as is necessary to prepare for trial and for use at trial and sentencing in this case, including motions relating to trial and sentencing. Before publicly filing any documents that include discovery

materials as enclosures or attachments, defense counsel shall consult with the government about whether it is necessary to file any particular discovery records under seal. Any counsel, defendant, or other person to whom disclosure is made pursuant to this paragraph may not use the discovery materials for any purpose other than preparation for or use at trial and sentencing in this case, and may not disclose the discovery materials or information contained in the discovery materials to any third party, except as required to prepare for trial in this case or for use at trial or sentencing in this matter. Defense counsel shall maintain a log of every person to whom disclosure of discovery materials is made for the purpose of preparation for or use at trial or sentencing. Defense counsel shall obtain from every such person at the time of disclosure the following signed, written statement:

> "I acknowledge that discovery materials have been provided to me for the purpose of assisting defendant Emily F. Custodio in preparing for and/or using such materials at trial or sentencing. I have read the Order of the Court dated _____, 2025 permitting such disclosure to me, and agree as directed in that Order that I will use the discovery materials only for preparation for or use at trial or sentencing and will not otherwise disclose the discovery materials or information contained in the discovery materials to any third party. I acknowledge that a violation of the Court's Order may result in penalties for contempt of court.
>
> Signed:_____ Date: _____"

BY THE COURT:

Date: _____          _____
                                     HONORABLE JOEL H. SLOMSKY
                                     *Judge, United States District Court*

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically, is available for viewing and downloading from the Electronic Case Filing system, and was served by electronic filing and electronic mail upon:

>Elizabeth Toplin, Esq.
>Defender Association of Philadelphia
>Federal Court Division
>The Curtis Center Building
>601 Walnut Street, Suite 540 West
>Independence Square West
>Philadelphia, PA 19106
>Elizabeth_Toplin@fd.org

Date: September 27, 2025          *s/ Nancy E. Potts*
                                  Nancy E. Potts